IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAULA LATU,

       Plaintiff,

  v.

LONG BEACH MORTGAGE COMPANY, et al.,

       Defendants.
                                    /

No. C 09-00438 CW

ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND STRIKE

    Plaintiff Paula Latu charges Defendants Long Beach Mortgage Co., Golden Horizon Mortgage, Inc., Washington Mutual Bank and JP Morgan Chase Bank (JP Morgan) with violating California statutory and common law in connection with the sale of certain residential mortgage products. Defendant JP Morgan moves to dismiss all claims against it and to strike various allegations and prayers for relief in the amended complaint. Plaintiff opposes the motion. Having considered the papers submitted by the parties, the Court grants Defendant's motions.

## BACKGROUND

    The house at issue in this case is located at 7710 Hillside

Street in Oakland, California.[1]  Plaintiff bought the subject property on May 24, 2005 with the assistance of a $360,000 loan supplied by Long Beach Mortgage Company.  The forty-year loan carried a fixed interest rate of 6.875 % for the first two years and then an adjustable rate with a cap of 12.875% thereafter.  When she applied for the loan, Plaintiff stated a monthly income of $5,850, but she alleges that neither Long Beach Mortgage nor Golden Horizon Mortgage (the mortgage broker for the subject loan) verified this information.

It is not clear when, but at some point, Plaintiff could no longer afford her loan payments.  On July 25, 2008, Alameda County recorded a Notice of Default and Election to Sell Under Deed of Trust.  At that point, Plaintiff was $17,435.06 behind in her loan payments.  The notice instructed Plaintiff to contact Washington Mutual Bank, the successor in interest to Long Beach Mortgage Company, to arrange for a payment to stop the foreclosure.  On October 28, 2008, California Reconveyance Company substituted as the new trustee of the note.  The same day, California Reconveyance filed a notice that it planned to sell the house at public auction on November 17, 2008.  On November 25, 2008, JP Morgan bought the house for $130,000.  A week before the sale, Plaintiff filed the instant lawsuit.

In her amended complaint, Plaintiff alleges that she should not have been qualified for the loan that Long Beach Mortgage offered her and that, by offering the loan, Long Beach Mortgage illegally took advantage of her.  She alleges that Long Beach

---

[1] The Court takes judicial notice of the documents recorded with Alameda County.

2

Mortgage, Golden Horizon Mortgage and Washington Mutual did not exercise due diligence to determine whether Plaintiff should have qualified for the loan.  She asserts the following causes of action: (1) violation of Cal. Bus. & Prof. Code § 17200, (2) violation of Cal. Civ. Code §§ 1670.5(a) and 1770(s) and Cal. Unif. Com. Code § 2-3202, (3) fraud, (4) breach of the covenant of good faith and fair dealing, (5) unjust enrichment, (6) breach of fiduciary duty and (7) declaratory relief.

The Court notes that the record does not contain any proof that Plaintiff served Defendants Long Beach Mortgage, Golden Horizon Mortgage or Washington Mutual Bank with the complaint within 120 days after the complaint was filed.  Fed. R. Civ. P. 4(m).  Plaintiff must provide the Court with this proof by the server's affidavit or risk having the claims against these Defendant dismissed.  Fed. R. Civ. P. 4(l).

The Court also notes that, in the introduction to the motions to dismiss and strike, Defendant JP Morgan claims to move for itself, Washington Mutual and Long Beach Mortgage Company.  However, the substance of these motions addresses the claims only as they relate to Defendant JP Morgan.  Therefore, the claims dismissed in this order are dismissed against Defendant JP Morgan only.

LEGAL STANDARD

I.   Motion to Dismiss for Failure to State a Claim

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Dismissal under Rule 12(b)(6) is appropriate if the complaint does not give the defendant fair notice of a legally

3

1 cognizable claim and the grounds on which it rests. <u>Bell Atlantic</u>
2 <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). In considering whether
3 the complaint is sufficient to state a claim, the court will take
4 all material allegations as true and construe them in the light
5 most favorable to the plaintiff. <u>NL Indus., Inc. v. Kaplan</u>, 792
6 F.2d 896, 898 (9th Cir. 1986).

7 When granting a motion to dismiss, the court is generally
8 required to grant the plaintiff leave to amend, even if no request
9 to amend the pleading was made, unless amendment would be futile.
10 <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911
11 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment
12 would be futile, the court examines whether the complaint could be
13 amended to cure the defect requiring dismissal "without
14 contradicting any of the allegations of [the] original complaint."
15 <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990).
16 Leave to amend should be liberally granted, but an amended
17 complaint cannot allege facts inconsistent with the challenged
18 pleading. <u>Id.</u> at 296-97.

19 II.   Motion to Strike

20 Under Federal Rule of Civil Procedure 12(f), a court may
21 strike from a pleading "any redundant, immaterial, impertinent or
22 scandalous matter." The purpose of a Rule 12(f) motion is to avoid
23 spending time and money litigating spurious issues. <u>Fantasy, Inc.</u>
24 <u>v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), <u>reversed on other</u>
25 <u>grounds</u>, 510 U.S. 517 (1994). A matter is immaterial if it has no
26 essential or important relationship to the claim for relief plead.
27 <u>Id.</u> A matter is impertinent if it does not pertain and is not
28 necessary to the issues in question in the case. <u>Id.</u>

4

## DISCUSSION

Although Plaintiff's amended complaint alleges all causes of action against all Defendants, Plaintiff's opposition to the motions to dismiss and strike clarifies that she intended to sue Defendant JP Morgan for fraud and breach of fiduciary duty only. Therefore, the Court grants Defendant's motions to dismiss and strike with respect to the remaining causes of action against it.

## I.    Fraud

Under California law, "[t]he elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003) (quoting Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996)). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc., Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994). Scienter may be averred generally, simply by saying that it existed. Id. at 1547; see Fed. R. Civ. Proc.

9(b)("Malice, intent, knowledge, and other condition of mind of a person may be averred generally"). Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

Plaintiff argues that paragraphs 12-18, 21 and 24(a)-(i) of her amended complaint supply the requisite detail to maintain a cause of action for fraud against Defendant JP Morgan. They do not. Those paragraphs allege wrongdoing by Plaintiff's mortgage broker, not JP Morgan. Though not alleged in her complaint, Plaintiff appears to argue in her opposition that JP Morgan is liable for fraud as an aider and abetter. Under the common law definition, a person "aids and abets the commission of an intentional tort if the person . . . knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act." Fiol v. Doellstedt, 50 Cal. App. 4th 1318, 1325 (1996) (quoting Saunders v. Superior Court, 27 Cal. App. 4th 832, 846 (1994)). To satisfy the knowledge prong, the defendant must have "actual knowledge of the specific primary wrong the defendant substantially assisted." Casey v. U.S. Bank National Assn., 127 Cal. App. 4th 1138, 1145 (2005). Here, Plaintiff does not allege that Defendant JP Morgan had actual knowledge of any unlawful or tortious conduct. Therefore, the Court dismisses with leave to amend Plaintiff's fraud cause of action against Defendant JP Morgan.

II. Breach of Fiduciary Duty

"A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such. The same principle should apply with even greater clarity to the relationship between a bank and its loan customers." Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989) (internal quotations and citations omitted). Nothing in the complaint sufficiently describes the manner in which the loan granted to Plaintiff by Defendant JP Morgan creates a fiduciary relationship. Thus, the Court grants with leave to amend Defendant JP Morgan's motion to dismiss the claim for breach of fiduciary duty.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant JP Morgan's motions to dismiss and strike. The Court grants Plaintiff leave to amend her complaint. If she does so, in addition to addressing the deficiencies outlined in this Order, Plaintiff must describe which of each Defendant's acts pertain to each cause of action, and which Defendant is charged in each.

Plaintiff may file and serve an amended complaint within twenty (20) days of this order. Defendants shall respond with an answer or a motion to dismiss twenty (20) days thereafter. A further case management conference will be held on the same date as the hearing on the motion. If no motion to dismiss is filed, a further case management conference will be held on November 19, 2009 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 9/9/09

_____
CLAUDIA WILKEN
United States District Judge